# EXHIBIT A

A. ANDREW OBEIDY, ESQ. (FBN 910341)
**OBEIDY & ASSOCIATES, P. A.**
2755 E. Oakland Park Blvd., Suite 225
Fort Lauderdale, Florida 33306
Telephone:      (305) 892-5454
Andrew@obdlegal.com
**Attorney for Plaintiff Evan Richards**

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, STATE OF FLORIDA

| | |
|---|---|
| **EVAN RICHARDS,** an individual,<br><br>Plaintiff,<br><br>vs.<br><br>**EVOLV SERVICES LLC.,** a Florida Limited Liability Company,<br><br>Defendant. | **CASE NO.:** *Pending*<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. Violation of the Florida Whistleblower Act, Fla. Stat. §448.101 |

## PRELIMINARY ALLEGATIONS

**(Parties)**

1. Plaintiff Evan Richards (hereinafter referred to as "Plaintiff") is an individual residing in the county of Rockingham County, state of New Hampshire 03087.

2. Plaintiff alleges Defendant Evolv Services LLC (hereinafter referred to as "Defendant Evolv"), is, and at all times material hereto was, a Florida Limited Liability Company, with its principal place of business located at 6195 Eagles Nest Drive, Jupiter, state of Florida 33458.

**(Vicarious Liability)**

3. Plaintiff alleges that Defendant Evolv's Agents, and Supervisors were acting, at least in part, within the scope and authority of their employment with Defendant Evolv.

4. Whenever any member of the company is alleged to have done or omitted to do anything, said allegation shall be deemed to mean and include an allegation that the entire corporation did or omitted to do said acts through its owners, officers, directors, and managing agents, and that said owners, directors, and managing agents authorized and approved said acts and omissions and ratified the same.

(Venue)

5. The acts and transactions alleged herein were entered into in the county of Palm Beach County, state of Florida.

(Jurisdiction)

6. This is an action for damages in excess of the sum of fifty thousand dollars ($50,000.00) exclusive of interest, costs and/or attorneys' fees.

**FIRST CAUSE OF ACTION**
**Violation of Florida's Private Sector Whistleblower Act,**
**Fla. Stat. §448.101 et seq.**

7. Plaintiff repeats and realleges each and every allegation in Paragraphs 1 through 6 above, as though fully set forth at length herein.

8. This is an action for violation of Florida's Private Sector Whistleblower Act, Fla. Stat. §§448.102(3), which provides in pertinent part as follows:  Prohibitions – An employer may not take any retaliatory personnel action against an employee because the employee has:

    (3) Objected to, or refused to participate in, any activity, policy, or practice of the employer which is in violation of a law, rule, or regulation.

9. At all times material hereto, Plaintiff was an Employee as defined by Fla. Stat. §448.101(2).

10. At all times material hereto, Defendant Evolv was an Employer as defined by Fla. Stat. §448.101(3).

11. At all times material hereto, Plaintiff held the position of Senior Developer and was qualified for the position they held and worked diligently during their employment.

12. During the course of Plaintiff's employment with Defendant, Plaintiff issued lawful complaints regarding his misclassification as an independent contractor and objected to the company's failure to comply with federal tax withholding and employment tax obligations under the Internal Revenue Code, including but not limited to 26 U.S.C. §§ 3102, 3111, 3121(a), and 3509.

13. On July 3, 2025, Plaintiff raised these complaints directly to Michael Donahue, Defendant's co-founder and CEO, after being required to sign IRS Form W-9 and an Independent Contractor Agreement on June 27, 2025, inconsistent with his executed full-time employee offer.

14. Plaintiff had a good faith belief that Defendant's conduct in misclassifying him and failing to comply with federal tax obligations violated the Internal Revenue Code.

15. Defendant violated Florida's Private Sector Whistleblower Act when it retaliated against Plaintiff for issuing the above-mentioned lawful complaints, through the conduct of its owners and agents.

16. The adverse action Defendant subjected Plaintiff to included, but was not limited to:
    a) Terminating Plaintiff within hours of his protected complaint;
    b) Revoking Plaintiff's system access and excluding him from ongoing work.

17. Defendant Evolv's actions, as described in Paragraph 16, violated Fla. Stat. § 448.102 and constituted a prohibited employment practice.

18. As a direct and proximate result of Defendant Evolv's acts as alleged herein, Plaintiff has suffered and continues to suffer substantial economic damages, including but not limited to, losses incurred in seeking subsequent comparable employment, earnings, deferred compensation, earning capacity, back pay and front pay, past, present, and future income, loss of retirement benefits, compensatory damages, lost wages and other employee benefits, all to his detriment, in an amount to be shown according to proof.

19. As a further proximate result of Defendant Evolv's acts as alleged herein, Plaintiff has suffered and continues to suffer emotional distress, ongoing sadness, nausea, nightmares, irritability, nervousness, anxiety, loss of confidence, grief, sleeplessness, helplessness, hopelessness, fear, humiliation, loss of self-esteem, and other general damages, all to his detriment, in an amount to be shown according to proof.

20. Moreover, as a result of Defendant Evolv's unlawful acts as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and costs of said suit as provided by Fla. Stat. §448.104.

21. Plaintiff demands judgment against Defendant Evolv, a trial by jury on all issues so triable and any other relief this Court deems just and proper.

### PRAYER FOR RELIEF AS AGAINST DEFENDANT EVOLV

**WHEREFORE**, Plaintiff prays judgment against Defendant Evolv as follows:

1. For economic damages, including but not limited to, back pay, front pay, and lost wages for all Applicable causes of action, in an amount to be shown according to proof;

2. For general damages and non-economic damages, mental and emotional distress damages, damages for anguish, and other general damages for all causes of action, in an amount to be shown according to proof;

3. For reasonable attorneys' fees in an amount to be shown according to proof;

4. For an award of interest, including prejudgment interest, at the legal rate;

5. For costs and fees of suit herein incurred; and

6. For such other and further relief as this Court deems proper.

Dated this 4th day of November, 2025.

Respectfully submitted,

**OBEIDY & ASSOCIATES, P.A.**

*/s/ A. Andrew OBeidy*
A. ANDREW OBEIDY, ESQ. (FBN 0910341)
Attorney for Plaintiff Evan Richards